The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jane Doe

**DEFENDANTS**

The Life Center of Eastern Delaware County, and Community Action Agency of Delaware County, Inc.

**(b)** County of Residence of First Listed Plaintiff    Delaware
            *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware
            *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Justin F. Robinette, Esquire
325 Chestnut Street, Suite 800,
Philadelphia, PA 19106, Tel: (610) 212-6649

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☒ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
      Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |     of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | ☐ 690 Other |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☒ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other | ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    Another District
    *(specify)*

☐ 6 Multidistrict
    Litigation -
    Transfer

☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 3604 (Fair Housing Act) and 42 U.S.C. § 12101, et seq. (Americans with Disabilities Act)
Brief description of cause:
Housing and public-accommodations discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
08/13/2018

SIGNATURE OF ATTORNEY OF RECORD
*Justin F. Robinette*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Redacted

Address of Defendant: 6310 Market Street, Upper Darby, PA 19082

Place of Accident, Incident or Transaction: 6310 Market Street, Upper Darby, PA 19082

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year     Yes ☐   No ☒
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit     Yes ☐   No ☒
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier     Yes ☐   No ☒
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights     Yes ☐   No ☒
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/13/18 _____    _____    319829
                             *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☑  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
        *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):*
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Justin F. Robinette , counsel of record *or pro se plaintiff, do hereby certify:*

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☒  Relief other than monetary damages is sought.

DATE: 08/13/2018 _____    _____    319829
                                *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Jane Doe | : | CIVIL ACTION |
| v | : |  |
| The Life Center of Eastern Delaware County, and Community Action Agency of Delaware County, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 08/13/2018 | Justin F. Robinette, Esq. | Plaintiff, Jane Doe |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 212-6649 | (610) 646-0533 | jrobinette@discrimlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |
|---|---|
| **JANE DOE,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. _____** |
| **THE LIFE CENTER OF EASTERN DELAWARE COUNTY,** | **JURY TRIAL DEMANDED** |
| **and** | |
| **COMMUNITY ACTION AGENCY OF DELAWARE COUNTY, INC.,** | |
| **Defendants** | |

<u>**COMPLAINT**</u>

**I.**
<u>**PARTIES**</u>

1.    Plaintiff, Jane Doe, is an adult individual and citizen of the Commonwealth of

Pennsylvania, who is currently homeless, with a last known address at ████████

████████████████

2.    Defendant, The Life Center of Eastern Delaware County, is a homeless shelter and

housing provider located at 6310 Market Street, Upper Darby, PA 19082.

3.    Defendant, Community Action Agency of Delaware County, Inc., is a corporation

organized under the laws of the Commonwealth of Pennsylvania, with a principal place

of business at 2nd and Orange Streets, Media, PA 19063-0, and which owns, leases,

and/or operates Defendant, The Life Center of Eastern Delaware County.

## II.
## JURISDICTION AND VENUE

4.    This Honorable Court has subject-matter jurisdiction over Plaintiff's claims pursuant to

28 U.S.C. § 1331 because the claims present a federal question.

5.    This Court has jurisdiction over Defendants because Defendants' contacts with this state

and judicial district are sufficient for the exercise of jurisdiction over Defendants to

comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in International Shoe Co. v. State of

Washington, 326 U.S. 310 (1945), and its progeny.

6.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(b)(2) because Defendants reside in

and/or conduct business in this judicial district, and because a substantial part of the acts

and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.
## FACTS IN SUPPORT OF DEFENDANTS' HOMELESS SHELTER BEING A
## DWELLING UNDER THE FAIR HOUSING ACT

7.    Plaintiff started living at Defendants' shelter located at 6310 Market Street, Upper Darby,

PA 19082, in or around early January 2018.

8.    The duration of Plaintiff's stay at Defendants' homeless shelter was around two (2) and a

half months, or until March 10, 2018.

9.    Defendants regularly provided shelter intended to accommodate longer stays than three

(3) or four (4) months.  Plaintiff believes Mr. Cooper, a cisgender resident, had lived in

the facility approximately approaching one (1) year.  Plaintiff also believes Reggie, a

cisgender resident, had been there approximately 5-6 months, and at minimum had been

at the facility longer than Plaintiff.

10.    According to the website of Defendant, Community Action Agency of Delaware County, Inc., the Defendant, The Life Center of Eastern Delaware County, offers "a focus on permanent housing solutions."

11.    The Defendants are comprehensive housing providers who also offer assistance with rental housing, transitional housing, a home ownership program, and rapid re-housing.

12.    Plaintiff recalls being told prior to her discharge by Eric Last Name Unknown ("LNU"), Defendants' Case Worker, that following a stay at Defendants' shelter, Defendants were able to assist residents through a rapid re-housing program where rent would be subsidized or reduced for approximately six additional (6) months after leaving The Life Center of Eastern Delaware County.

13.    Defendant, Community Action Agency of Delaware County, Inc., owns, leases, and/or operates Defendant, The Life Center of Eastern Delaware County, along with two (2) other housing shelters, the Wesley House and the Family Management Center ("FMC").

14.    In total, according to its website, Defendant, Community Action Agency of Delaware County, Inc., manages approximately 200+ housing units in Delaware County, Pennsylvania.

15.    While Plaintiff was living at Defendants' shelter, Plaintiff had no other alternative place of residence being homeless.  Therefore, Plaintiff intended to remain at Defendants' shelter.

16.    Plaintiff treated Defendants' shelter as a residence including by receiving mail at the facility, giving the facility's address to the nearby Upper Darby welfare office in order to receive paperwork related to her benefits at Defendants' residence in the future, eating meals at the facility, showering or bathing at the facility, returning to Plaintiff's

designated room and bed every night and sleeping at the facility, and permanently setting

up her cosmetics on a nearby dresser as a vanity.

## IV.
## CLAIMS FOR RELIEF

### COUNT I:
### EVICTION BASED ON GENDER IDENTITY/SEX IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED, 42 U.S.C. § 3604(a)-(b) or Sec. 804(a)-(b)
### (Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)

17.    All of the foregoing paragraphs are incorporated by reference as if the same were more

fully set forth herein at length.

18.    Pursuant to 42 U.S.C. § 3604(a)-(b), the Fair Housing Act ("FHA") prohibits Defendants

from "otherwise mak[ing] unavailable" or "denying" a "dwelling" to any person

"because of . . . sex," and prohibits Defendants from discriminating in the "provision of

services or facilities in connection therewith, because of . . . sex." 42 U.S.C. § 3604(a)-

(b).

19.    Defendant intentionally discriminated against Plaintiff based on sex in violation of §

3604 of the FHA by evicting, denying, and refusing Plaintiff housing because she was

transgender.

20.    From the outset, in or around January 2018, until in or around March 2018, Defendants

housed Plaintiff in a male dorm, and refused to house Plaintiff in a female dorm, even

though Plaintiff identified to Defendants that Plaintiff was female, and Plaintiff stated

that she wanted to be placed in a female dorm to be consistent with her gender identity.

21.    From the outset, in or around January 2018, until in or around March 2018, Defendants

refused to permit Plaintiff to use a female restroom at Defendants' shelter, even though

4

Plaintiff stated that she wanted to use a female restroom to be consistent with her gender identity.

22.   While Plaintiff was living at Defendants' shelter, beginning in January 2018 through March 2018, Defendants' security guards, who are employees, on a daily basis refused to use female pronouns or a female name when referring to Plaintiff even after Plaintiff requested that they do so.

23.   While Plaintiff was living at Defendants' shelter, Defendants' security guard and employee, Katrina Enoch, repeatedly referred to Plaintiff as "one of those transgenders."

24.   On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff from the premises.

25.   Plaintiff was not provided a clear and specific reason by Defendants for being refused service at Defendants' shelter.

26.   On March 10, 2018, when Enoch called the police, Enoch identified Plaintiff as "he" to the police.  On March 10, 2018, after Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff corrected Enoch by stating, "You mean *she*?," or words to that effect. After correcting Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of the "transgenders," or words to that effect.  The police instructed Plaintiff to take a walk, and come back.

27.   On the afternoon of March 10, 2018, at approximately 2:45 pm, Plaintiff complained to Enoch that Plaintiff believed Enoch was discriminating against Plaintiff because Plaintiff was transgender.

28.   On the night of March 10, 2018, at about 8:40 p.m., Plaintiff attempted to return to the shelter.

29.    On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was using the male restroom, the male security guard, Malcolm Bates, entered the restroom while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect. Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the premises.

30.    Defendants called the police again to remove Plaintiff from the premises at approximately 8:40 pm on March 10, 2018.  When the police were present to remove Plaintiff from Defendants' shelter, the police simultaneously brought a Code Blue client into the shelter whom the police, upon information and belief, feared would die from the weather conditions outside.  However, Defendants insisted that Plaintiff be removed from Defendants' shelter, Plaintiff contends due to discrimination against her because she is transgender.

31.    On March 10, 2018, Plaintiff was arrested after the police were called on Plaintiff by Defendants for allegedly refusing to leave private property.

32.    While Plaintiff was being removed from Defendants' shelter by police, Plaintiff was misgendered by Defendants' staff.

33.    Plaintiff had to spend the night in jail, and pled guilty to disorderly conduct for causing a disturbance by refusing to leave private property.  However, but for Defendants' discrimination, Plaintiff would have had a right to be where she was when Plaintiff encountered police.

34.    Due to Defendants' discrimination, Plaintiff was left without housing and shelter.

35.    On March 13, 2018, the area experienced snow and 30-degree temperatures while

Plaintiff was living on the street, and from on or about March 20, 2018 until on or about

March 22, 2018, a record-breaking nor'easter brought the heaviest springtime snowstorm

into the area in 60 years while Plaintiff was living on the street.  Plaintiff suffered from

the cold temperature and was forced to live for a period of time inside Suburban Station

and Jefferson Station out of necessity.

36.    Plaintiff was physically attacked on the street after being rendered homeless by

Defendants.

37.    Plaintiff suffered embarrassment, humiliation, mental anguish, and emotional distress on

account of: being required to live in a manner that was inconsistent with Plaintiff's

gender identity while living with Defendants, being discriminated against while living

with Defendants, by being evicted and/or refused shelter by Defendants on account of

discrimination, being arrested, jailed, and convicted of causing a disturbance by refusing

to leave private property, being rendered homeless causing Plaintiff to live in fear due to

lack of security and shelter, being physically attacked on the street after being rendered

homeless by Defendants, and suffering the extreme cold weather outside.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against

Defendants, and requests any and all compensatory damages for emotional distress, anxiety,

mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and

loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs

of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing

unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for

Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; for Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that Defendants will not discriminate against any person on account of gender identity, and that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; training in fair housing practices; and for Defendants to conspicuously post notice of the verdict in this matter.

**COUNT II:**
**HARASSMENT/HOSTILE ENVIRONMENT BASED ON GENDER IDENTITY/SEX**
**IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE**
**CIVIL RIGHTS ACT OF 1968, AS AMENDED**
**42 U.S.C. § 3604(b) [Sec. 804(b)]**
**(Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community**
**Action Agency of Delaware County, Inc.)**

38. All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

39. From the outset, in or around January 2018, until in or around March 2018, Defendants housed Plaintiff in a male dorm, and refused to house Plaintiff in a female dorm, even though Plaintiff identified to Defendants that Plaintiff was female, and Plaintiff stated that she wanted to be placed in a female dorm to be consistent with her gender identity.

40. From the outset, in or around January 2018, until in or around March 2018, Defendants refused to permit Plaintiff to use a female restroom at Defendants' shelter, even though Plaintiff stated that she wanted to use a female restroom to be consistent with her gender identity.

8

41.    While Plaintiff was living at Defendants' shelter, beginning in January 2018 through March 2018, Defendants' security guards, who are employees, repeatedly refused to use female pronouns or a female name when referring to Plaintiff even after Plaintiff requested that they do so.

42.    While Plaintiff was living at Defendants' shelter, Defendants' security guard and employee, Katrina Enoch, repeatedly referred to Plaintiff as "one of those transgenders."

43.    In or around January-February 2018, Plaintiff hung a female bathing suit bottom in her room to dry. Reggie, a male resident who was assigned to share the room, entered the room, acted disgusted, and complained to staff that Plaintiff should remove the "panties" from the room. Reggie used male pronouns and a male name to refer to Plaintiff. Plaintiff was required by Defendants' staff to remove the bathing suit bottom to resolve the problem, while Reggie was not reprimanded.

44.    While Plaintiff was living at Defendants' shelter, on a daily basis, Defendants residents, including Reggie, refused to identify Plaintiff by a female name, or female pronouns, even after the Plaintiff requested to be referred to by a female name and female pronouns.

45.    In or around January-February 2018, Reggie asked the Plaintiff, "What is your birth name?", after the Plaintiff requested to be called by a female name.

46.    In or around January-February 2018, Reggie stated to Plaintiff, "Move the fuck out of the way."

47.    On or about early March 2018, Plaintiff heard a resident, Ms. Harris Last Name Unknown ("LNU"), comment about another resident who identified as being a transgender male, "What does she think, she has a dick or something?", "I don't care what she thinks she is," "What's on her birth certificate?", or words to that effect.

48.    In or around January or February 2018, Plaintiff complained about discrimination

because Plaintiff was transgender to Defendants' case worker, Eric Last Name Unknown

("LNU"), who simply stated to Plaintiff, "Why don't you go to Mazzoni?" instead, or

words to that effect.  The Mazzoni Center is a social service establishment unconnected

to Defendants which provides services to the LGBTQ+ community.

49.    On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff

from the premises.  When Enoch called the police, Enoch identified Plaintiff as "he" to

the police.  After Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff

corrected Enoch by stating, "You mean *she*?," or words to that effect.  After correcting

Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of

those "transgenders," or words to that effect.  The police instructed Plaintiff to take a

walk, and come back.

50.    On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use

the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was

using the male restroom, the male security guard, Malcolm Bates, entered the restroom

while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the

restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect.

Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the

premises.

51.    Plaintiff suffered a hostile environment, or harassment, which amounted to discrimination

"in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision

of services or facilities in connection therewith."  42 U.S.C. § 3604(b).

52.    Defendants are vicariously liable for the discriminatory housing practices committed by security guards, Enoch and Bates, who were, at all times relevant hereto, Defendants' agents, servants, and employees, regardless of whether the Defendants knew or should have known of the conduct that resulted in the discriminatory housing practices.  24 C.F.R. 100.7(b).

53.    Defendants are also, in the alternative, liable for "[f]ailing to take prompt action to correct and end a discriminatory housing practice by a third-party, where the person knew or should have known of the discriminatory conduct and had the power to correct it."  24 C.F.R. 100.7

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; for Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that Defendants will not discriminate against any person on account of gender identity, and that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment

grievance procedures; anti-harassment training; training in fair housing practices; and for Defendants to conspicuously post notice of the verdict in this matter.

## COUNT III:
### DISCRIMINATION IN TERMS, CONDITIONS, AND PRIVILEGES REGARDING PROVISIONS OF SERVICES AND FACILITIES, BASED ON GENDER IDENTITY/SEX, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED
### 42 U.S.C. § 3604(b) [Sec. 804(b)]
### (Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)

54.   All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

55.   Defendants subjected Plaintiff to the following intentionally discriminatory terms, conditions, and privileges of housing based on gender identity/sex, which are each separately and independently actionable, under § 3604:

   a.   Housing Plaintiff in a male dorm;

   b.   Requiring Plaintiff to use a male restroom;

   c.   Misgendering Plaintiff on documents with incorrect name and pronouns;

   d.   Misgendering Plaintiff by using a male name and male pronouns on a daily basis;

   e.   Assigning and classifying Plaintiff in a manner that is inconsistent with Plaintiff's gender identity with respect to Defendants' facilities and services.

   **WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs

of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; for Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment policy which provides that Defendants will not discriminate against any person on account of gender identity, and that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; training in fair housing practices; and for Defendants to conspicuously post notice of the verdict in this matter.

**COUNT IV:**
**INTERFERENCE, COERCION, AND INTIMIDATION BASED ON GENDER IDENTITY/SEX, IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED**
**42 U.S.C. § 3617 [Sec. 818]**
**(Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)**

56.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

57.    Defendants violated Section 818 of the Fair Housing Act, 42 U.S.C. § 3617, by "threatening, intimidating, or interfering with" Plaintiff in her "enjoyment of a dwelling because of the . . . sex . . . of such person." 24 C.F.R. § 100.400(c)(2). The facts which support this are as follows:

58.    At all times relevant hereto, Defendants housed Plaintiff in a male dorm; required Plaintiff to use a male restroom; misgendered Plaintiff on documents by not using

Plaintiff's preferred name and pronouns; and misgendered Plaintiff by using a male name and male pronouns on a daily basis verbally.

59.    While Plaintiff was living at Defendants' shelter, Defendants' security guard and employee, Katrina Enoch, repeatedly referred to Plaintiff as "one of those transgenders."

60.    In or around January-February 2018, Plaintiff hung a female bathing suit bottom in her room to dry.  Reggie, a male resident who was assigned to share the room, entered the room, acted disgusted, and complained to staff that Plaintiff should remove the "panties" from the room.  Reggie used male pronouns and a male name to refer to Plaintiff. Plaintiff was required by Defendants' staff to remove the bathing suit bottom to resolve the problem, while Reggie was not reprimanded.

61.    In or around January-February 2018, Reggie asked the Plaintiff, "What is your birth name?", after the Plaintiff requested to be called by a female name.

62.    In or around January-February 2018, Reggie stated to Plaintiff, "Move the fuck out of the way."

63.    In or around January or February 2018, Plaintiff complained about discrimination because Plaintiff was transgender to Defendants' case worker, Eric Last Name Unknown ("LNU"), who simply stated to Plaintiff, "Why don't you go to Mazzoni?" instead, or words to that effect.

64.    In or around January 2018 through March 2018, Plaintiff repeatedly rebuffed the discrimination and harassment by Defendants' staff including by identifying herself as female and requesting that she be treated consistent with her gender identity.

65.    On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff from the premises.  When Enoch called the police, Enoch identified Plaintiff as "he" to

the police.  After Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff

corrected Enoch by stating, "You mean *she*?," or words to that effect.  After correcting

Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of

those "transgenders," or words to that effect.  The police instructed Plaintiff to take a

walk, and come back.

66.    On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use

the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was

using the male restroom, the male security guard, Malcolm Bates, entered the restroom

while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the

restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect.

Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the

premises.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against

Defendants, and requests any and all compensatory damages for emotional distress, anxiety,

mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and

loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs

of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing

unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for

Defendants to cease assigning residents to facilities that are inconsistent with their gender

identity; for Defendants to adopt, post, and disseminate a non-discrimination and anti-harassment

policy which provides that Defendants will not discriminate against any person on account of

gender identity, and that residents will be housed in accordance with their gender identity,

permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; implementation of adequate and appropriate anti-harassment grievance procedures; anti-harassment training; training in fair housing practices; and for Defendants to conspicuously post notice of the verdict in this matter.

**COUNT V:**
**EVICTION BASED ON HANDICAP/DISABILITY IN VIOLATION OF THE FAIR
HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED
42 U.S.C. § 3604(a)-(b) [Sec. 804(a)-(b)]
(Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community
Action Agency of Delaware County, Inc.)**

67.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

68.    Plaintiff is considered a "handicapped person" under the FHA, or a person with a disability, to wit:

a.    Plaintiff has an actual physical impairment in that Plaintiff has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

b.    Plaintiff has a record of a disability in the form of a biological condition plausibly of physical origin when Plaintiff's brain neuroanatomy was formed in the womb before birth resulting in Plaintiff's anatomical sex not corresponding with Plaintiff's gender identity.

c.    Plaintiff was perceived or regarded by Defendants as disabled in that Defendants stereotyped Plaintiff as having a mental impairment.  However, being transgender is _not_ a mental disorder.

d.    Any exclusion of persons who are transgender from the federal Fair Housing Act, as amended, is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

e.    Alternatively, upon information and belief, Plaintiff has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being transgender, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

69.    Defendant intentionally discriminated against Plaintiff in violation of § 3604 of the FHA by evicting Plaintiff and refusing Plaintiff services at Defendants' shelter on or about March 10, 2018 on account of disability/handicap.

70.    On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff from the premises.  When Enoch called the police, Enoch identified Plaintiff as "he" to the police.  After Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff corrected Enoch by stating, "You mean _she_?," or words to that effect.  After correcting Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of the "transgenders," or words to that effect.  The police instructed Plaintiff to take a walk, and come back.

71.     On the afternoon of March 10, 2018, at approximately 2:45 pm, Plaintiff complained to

Enoch that Plaintiff believed Enoch was discriminating against Plaintiff because Plaintiff

was transgender.

72.     On the night of March 10, 2018, at about 8:40 p.m., Plaintiff attempted to return to the

shelter.

73.     On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use

the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was

using the male restroom, the male security guard, Malcolm Bates, entered the restroom

while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the

restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect.

Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the

premises.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against

Defendants, and requests any and all compensatory damages for emotional distress, anxiety,

mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and

loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive

damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs

of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing

unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for

Defendants to cease assigning residents to facilities that are inconsistent with their gender

identity; for Defendants to adopt policies that residents will be housed in accordance with their

gender identity, permitted to use restrooms which are consistent with their gender identity, will

be referred to using a name and pronouns consistent with their gender identity, and otherwise

treated consistent with their gender identity; training in fair housing practices; for Defendants to conspicuously post notice of the verdict in this matter; as well as reasonable attorneys' fees, expert witness fees, and costs of suit;

**COUNT VI:**
**FAILURE-TO-ACCOMMODATE OR MAKE REASONABLE MODIFICATIONS FOR HANDICAP/DISABILITY IN VIOLATION OF THE FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED**
**42 U.S.C. § 3604(f)(3)(B) [Sec. 804(f)(3)(B)]**
**(Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)**

74.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

75.    Plaintiff is considered a "handicapped person" under the FHA, or a person with a disability, to wit:

    a.    Plaintiff has an actual physical impairment in that Plaintiff has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

    b.    Any exclusion of persons who are transgender from the federal Fair Housing Act, as amended, is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

    c.    Alternatively, upon information and belief, Plaintiff has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being transgender, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

76. Defendants failed to provide "reasonable accommodations in rules, policies, practices, or services" to Plaintiff even though such accommodations were "necessary to afford such person equal opportunity to use and enjoy such a dwelling." See 42 U.S.C. § 3604(f)(3)(B); see also 24 C.F.R. § 100.204.

77. Defendants failed to accommodate Plaintiff's known disability by:

    a. Failing to provide reasonable modifications to inaccessible facilities;

    b. Failing to provide reasonable modifications to existing policies, procedures, and practices;

    c. Failing to provide a reasonable accommodation to permit Plaintiff to be housed in a female dorm;

    d. Failing to provide a reasonable accommodation to permit Plaintiff to use a female restroom in the facility;

    e. Failing to provide reasonable modifications and/or accommodations to existing policies and/or procedures in order to refer to Plaintiff and ensure that Plaintiff is referred to as female, with a preferred name, and with preferred pronouns ("she, her, hers").

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, and requests any and all compensatory damages for emotional distress, anxiety, mental anguish, pain and suffering, humiliation, inconvenience, loss of enjoyment of life, and loss of life's pleasures; costs of relocating; out-of-pocket expenses; other actual losses; punitive damages; pre- and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of suit; and injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for

Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; for Defendants to adopt policies that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; training in fair housing practices; and for Defendants to conspicuously post notice of the verdict in this matter.

**COUNT VII:**
**DENIAL OR REFUSAL OF SERVICES BASED ON DISABILITY IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED (Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)**

78.     All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

79.     Each Defendant is a place of public accommodation, and/or owns, leases, or operates a place of public accommodation, and is a covered entity as defined under Title III of the Americans with Disabilities Act ("ADA").

80.     Defendant intentionally discriminated against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") by denying and refusing Plaintiff services at Defendants' accommodation based on Plaintiff's actual disability, record of a disability, and/or because Plaintiff was perceived/regarded as disabled, as described below.

81.     Plaintiff is covered under the ADA, as amended, to wit:

a.      Plaintiff has an actual physical impairment in that Plaintiff has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

21

b.      Plaintiff has a record of a disability in the form of a biological condition plausibly of physical origin when Plaintiff's brain neuroanatomy was formed in the womb before birth resulting in Plaintiff's anatomical sex not corresponding with Plaintiff's gender identity.

c.      Plaintiff was perceived or regarded by Defendants as disabled in that Defendants stereotyped Plaintiff as having a mental impairment.  However, being transgender is _not_ a mental disorder.

d.      Any exclusion of persons who are transgender from the ADA, as amended, is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

e.      Alternatively, upon information and belief, Plaintiff has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being transgender, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

82.   On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff from the premises.  When Enoch called the police, Enoch identified Plaintiff as "he" to the police.  After Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff corrected Enoch by stating, "You mean _she_?," or words to that effect.  After correcting Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of the "transgenders," or words to that effect.  The police instructed Plaintiff to take a walk, and come back.

83.     On the afternoon of March 10, 2018, at approximately 2:45 pm, Plaintiff complained to
        Enoch that Plaintiff believed Enoch was discriminating against Plaintiff because Plaintiff
        was transgender.

84.     On the night of March 10, 2018, at about 8:40 p.m., Plaintiff attempted to return to the
        shelter.

85.     On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use
        the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was
        using the male restroom, the male security guard, Malcolm Bates, entered the restroom
        while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the
        restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect.
        Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the
        premises.

        **WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against

Defendants, and requests injunctive/equitable relief requiring reinstatement of Plaintiff to a

vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender

identity; for Defendants to make any and all reasonable structural, architectural, and/or other

modifications necessary to make Defendants' facilities and/or services accessible to persons who

are transgender in a manner that is consistent with their gender identity; for Defendants to cease

assigning residents to facilities that are inconsistent with their gender identity; and for

Defendants to adopt policies that residents will be housed in accordance with their gender

identity, permitted to use restrooms which are consistent with their gender identity, will be

referred to using a name and pronouns consistent with their gender identity, and otherwise

treated consistent with their gender identity; as well as reasonable attorneys' fees, expert witness fees, and costs of suit.

## COUNT VIII:
### FAILURE-TO-ACCOMMODATE OR MAKE REASONABLE MODIFICATIONS IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED
### (Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community Action Agency of Delaware County, Inc.)

86.    All of the foregoing paragraphs are incorporated by reference as if the same were more fully set forth herein at length.

87.    Plaintiff is covered under the ADA, as amended, to wit:

a.    Plaintiff is disabled because Plaintiff has an actual physical impairment in that Plaintiff has a biological condition plausibly of physical origin due to brain neuroanatomy, and the formation of that brain neuroanatomy in the womb, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

b.    Any exclusion of persons who are transgender from the ADA, as amended, is unconstitutional as violating equal protection under the Due Process Clause of the Fifth Amendment to the United States Constitution.

c.    Alternatively, Plaintiff is disabled because Plaintiff has an actual physical and/or mental impairment in the form of gender dysphoria ("GD"), defined as clinically significant distress associated with being transgender, which substantially limits the major life activities of working, interacting with others, reproducing, and social and occupational functioning.

88.    Defendants failed to accommodate Plaintiff's known disability by:

a.    Failing to provide reasonable modifications to inaccessible facilities;

b.  Failing to provide reasonable modifications to existing policies, procedures, and practices;

c.  Failing to provide a reasonable accommodation to permit Plaintiff to be housed in a female dorm;

d.  Failing to provide a reasonable accommodation to permit Plaintiff to use a female restroom in the facility;

e.  Failing to provide reasonable modifications and/or accommodations to existing policies and/or procedures in order to refer to Plaintiff and ensure that Plaintiff is referred to as female, with a preferred name, and with preferred pronouns ("she, her, hers").

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, and requests injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for Defendants to make any and all reasonable structural, architectural, and/or other modifications necessary to make Defendants' facilities and/or services accessible to persons who are transgender in a manner that is consistent with their gender identity; for Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; for Defendants to adopt policies which provide that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; as well as reasonable attorneys' fees, expert witness fees, and costs of suit.

**COUNT IX:**
**RETALIATION FOR REQUESTS FOR REASONABLE ACCOMMODATIONS**
**IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF**
**1990, AS AMENDED**
**(Plaintiff, Jane Doe v. Defendants, The Life Center of Delaware County and Community**
**Action Agency of Delaware County, Inc.)**

89.     All of the foregoing paragraphs are incorporated by reference as if the same were more

fully set forth herein at length.

90.     Plaintiff engaged in protected conduct/activity under the ADA, to wit:

a.     In or around January 2018 through March 2018, Plaintiff repeatedly requested the

ability to be housed in a facility for female residents, to use a restroom for female

residents, and to be referred to using a female name and pronouns.

b.     Plaintiff's requests were made on account of Plaintiff's biological condition

plausibly of physical origin due to brain neuroanatomy, and the formation of that

brain neuroanatomy in the womb.

c.     Alternatively, Plaintiff's requests were made, upon information and belief, on

account of Plaintiff's gender dysphoria ("GD").

d.     Alternatively, Plaintiff's requests for reasonable accommodations were made in

good faith, and therefore Plaintiff is protected from retaliation even if it is ruled

Plaintiff does not have a qualifying disability under the ADA, which Plaintiff

does.

91.     Defendants refused Plaintiff services at Defendants' shelter on or about March 10, 2018

in retaliation for Plaintiff's requests for reasonable accommodations.

92.     On March 10, 2018, security guard, Katrina Enoch, called the police to remove Plaintiff

from the premises.  When Enoch called the police, Enoch identified Plaintiff as "he" to

the police.  After Plaintiff heard Enoch identify Plaintiff as "he" to the police, Plaintiff

corrected Enoch by stating, "You mean *she*?," or words to that effect.  After correcting Enoch, Enoch responded to police where Plaintiff could hear that Plaintiff was one of those "transgenders," or words to that effect.  The police instructed Plaintiff to take a walk, and come back.

93.    On March 10, 2018, when Plaintiff attempted to return to the shelter, Plaintiff went to use the male restroom, as required by Defendants.  On March 10, 2018, while Plaintiff was using the male restroom, the male security guard, Malcolm Bates, entered the restroom while Plaintiff was alone, swung open the restroom stall while Plaintiff was using the restroom, and called Plaintiff "Man," by stating, "Come on, man," or words to that effect.  Bates escorted Plaintiff out of the male restroom, and stated for Plaintiff to get off the premises.

**WHEREFORE**, Plaintiff, Jane Doe, demands judgment in her favor and against Defendants, and requests injunctive/equitable relief requiring reinstatement of Plaintiff to a vacant housing unit with Defendants in a facility that is consistent with Plaintiff's gender identity; for Defendants to make any and all reasonable structural, architectural, and/or other modifications necessary to make Defendants' facilities and/or services accessible to persons who are transgender in a manner that is consistent with their gender identity; for Defendants to cease assigning residents to facilities that are inconsistent with their gender identity; and for Defendants to adopt policies which provide that residents will be housed in accordance with their gender identity, permitted to use restrooms which are consistent with their gender identity, will be referred to using a name and pronouns consistent with their gender identity, and otherwise treated consistent with their gender identity; as well as reasonable attorneys' fees, expert witness fees, and costs of suit.

## JURY TRIAL DEMANDED

A trial by jury of eight (8) members is hereby requested by Plaintiff on all counts so triable.

Respectfully submitted,

DATED: 8/13/18                    BY: _____

JUSTIN F. ROBINETTE, ESQUIRE
Supreme Court I.D. No. 319829
325 Chestnut Street, Suite 800
Constitution Place
Philadelphia, PA 19106
Tel:  (610) 212-6649
Fax:  (610) 646-0533
E-mail: jrobinette@discrimlawyer.com

*Attorney for Plaintiff, Jane Doe*

28